## HOLZMAN, COHEN & CO., Inc., v. MOTION PICTURE APPARATUS CO.

(Supreme Court, Appellate Term, First Department. January 7, 1916.)

1. COSTS ⟐⟐43—TAXATION—ACTION ON ACCOUNT.

Where, in an action for the price of goods sold on 30 days' credit, which expired June 5th, it was conceded that defendant's check in payment of the debt was not received until June 7th, and was not shown that it was received before commencement of the action, plaintiff was entitled to $2 costs.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 165–170; Dec. Dig. ⟐⟐43.]

2. COURTS ⟐⟐189—MUNICIPAL COURT—HARMLESS ERROR—IRREGULARITY—APPLICATION TO OPEN DEFAULT.

On an application to open a default under Municipal Court Act (Laws 1902, c. 580) § 253, providing when a default may be opened, failure to serve a copy of the proposed answer is not a jurisdictional defect, where a full statement of defendant's defense is contained in the moving papers accompanied by an affidavit of merits, but is a mere irregularity which, under Code Civ. Proc. § 1317, may be disregarded on appeal.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. ⟐⟐189.]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Holzman, Cohen & Co., Incorporated, against Motion Picture Apparatus Company. From a judgment, and an order opening defendant's default, plaintiff appeals. Reversed, and judgment directed for plaintiff.

Argued November term, 1915, before LEHMAN, BIJUR, and FINCH, JJ.

Charles Liebling, of New York City (Charles Goldzier, of New York City, of counsel), for appellant.

Leo McLaughlin, of New York City, for respondent.

⟐⟐For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

PER CURIAM. [1] This is an action for goods sold and delivered by plaintiff's assignor. The answer sets up the defense of payment, which the court upheld after a trial. The court found that the goods were sold on 30 days' credit. According to the testimony of an officer of the defendant, the credit expired on the 5th day of June. It is conceded on the record that check in payment of the bill was not received until the morning of the 7th of June, so that payment was concededly not made within the due date. The burden was on the defendant to show that payment was made before the commencement of the action. The plaintiff is therefore technically entitled to $2 costs.

[2] The failure to serve a copy of the proposed answer upon the application to open the default, when a full statement of the defendant's defense was contained in the moving papers, accompanied by an affidavit of merits, is a mere irregularity, and is not a jurisdictional defect (section 253 of the old Municipal Court Act), and under section 1317 of the Code of Civil Procedure may be disregarded by this court.

Judgment appealed from is therefore reversed, and judgment directed for the plaintiff in the sum of $2, without costs of this appeal or in the court below.